Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| SANDRA CRUZ RODRÍGUEZ<br><br>Recurrido<br><br>v.<br><br>JOSÉ DAVID CARRASQUILLO RAMOS; MIGUEL ÁNGEL CARRASQUILLO RAMOS Y OTROS<br><br>Peticionario | KLCE202400534 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Sobre: Acción Reivindicatoria y otros<br><br>Caso Núm.:<br>CD2022CV00069 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece ante nos, el Sr. Miguel Ángel Carrasquillo Ramos (en adelante: "señor Carrasquillo Ramos o peticionario–codemandado") mediante auto de *certiorari*. Nos solicita que revoquemos una *Orden* emitida el 7 de mayo de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante: "TPI"). Allí, el TPI declaró *No Ha Lugar* una moción de reconsideración sometida por el peticionario para que convirtiera la Vista de Conferencia con Antelación a Juicio en una Vista de Estado de los Procedimientos.

Precedemos a **denegar** el auto de *certiorari* solicitado. Veamos.

**-I-**

El **28 de marzo de 2022** la *Sra. Sandra Cruz Rodríguez* (en adelante: "señora Cruz Rodríguez o recurrida–demandante")

---

[1] Notificada el 8 de mayo de 2024.

presentó una *Demanda* contra el señor Carrasquillo Ramos y el *Sr. José David Carrasquillo Ramos*.[2] En resumen, solicitó lo siguiente: la declaración de nulidad de una escritura pública, el traspaso a su nombre del terreno objeto de la escritura y el resarcimiento de los daños sufridos. Por lo que el **14 de junio de 2022** el peticionario contestó la demanda e instó una *Demanda de Co–Parte*.[3]

Tras varios trámites procesales, las partes presentaron el *Informe para Manejo de Caso* el **14 de abril de 2023**,[4] y la *Conferencia Inicial* se llevó a cabo el **4 de mayo de 2023**.[5] Mediante *Orden* emitida el **5 de febrero de 2024**,[6] el TPI señaló la *Conferencia con Antelación a Juicio* para el **17 de mayo de 2024**.[7]

Ante unos conflictos de intereses entre el señor Carrasquillo Ramos y su abogado,[8] el TPI aceptó la renuncia del representante legal.[9] Por lo que el **24 de abril de 2024** el peticionario presentó una *Moción Asumiendo Representación Legal,*[10] y solicitó que la vista señalada para el 17 de mayo de 2024 se convirtiera en una de estado de los procesos.

En respuesta, el TPI expresó: *"Se acepta la representación legal. El caso está señalado desde febrero para la CAJ".*[11] El **6 de mayo de 2024**, el señor Carrasquillo Ramos presentó una moción de reconsideración en la cual reiteró su solicitud sobre la conversión de vista.[12]

El **7 de mayo de 2024**, la parte recurrida se opuso a la reconsideración sometida.[13]

---

[2] Apéndice del Peticionario, págs. 2 – 6.
[3] *Id.*, págs. 7 – 10.
[4] *Id.*, págs. 12 – 15.
[5] *Id.*, pág. 16.
[6] Notificada el 8 de febrero de 2024.
[7] Apéndice del Peticionario, pág. 17.
[8] *Id.*, págs. 18 – 19.
[9] *Id.*, pág. 20.
[10] *Id.*, págs. 21 – 22.
[11] La *Orden* fue emitida el 24 de abril de 2024 y notificada el 26 de abril de 2024. Véase, el Apéndice del Peticionario, pág. 23.
[12] Apéndice del Peticionario, págs. 24 – 25.
[13] *Id.*, págs. 26 – 27.

Así, en esa misma fecha —7 de mayo de 2024—,[14] el TPI declaró *No Ha Lugar* la moción de reconsideración.[15]

Inconforme, el **16 de mayo de 2024** el señor Carrasquillo Ramos recurre ante nos y señaló el siguiente error:

*ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL DECLARAR NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN SOLICITANDO CONVERSIÓN DE VISTA CON ANTELACIÓN A JUICIO A UNA DE ESTADO DE LOS PROCEDIMIENTOS.*

El **20 de mayo de 2024** le concedimos a la parte recurrida un plazo de diez (10) días para mostrar causa por la cual no debamos expedir el auto solicitado. Por lo que transcurrido el término antes dicho, dimos por sometido el asunto.

### -II-

El recurso de *certiorari* es un medio procesal de carácter discrecional que, a su vez, permite al tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[16] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[17]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

*[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...].*[18]

---

[14] Notificada el 8 de mayo de 2024.
[15] Apéndice del Peticionario, pág. 1.
[16] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[17] *García v. Asociación,* 165 DPR 311, 321 (2005).
[18] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

(A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
(B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
(C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
(D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
(E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
(F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
(G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[19]

En ese sentido, el Tribunal Supremo de Puerto Rico ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[20]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[21]

**-III-**

En síntesis, el peticionario alega que el TPI abusó de su discreción al no acoger la solicitud de conversión de la Vista con Antelación al Juicio, a una, de Vista de Estado de los Procedimiento.

No obstante, contrario al planteamiento del peticionario, el TPI no incidió ni cometió un error manifiesto en el proceder del presente

---

[19] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[20] *Zorniak Air Services v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).
[21] *SLG Zapata- Rivera v. J.F. Montalvo,* 189 DPR 414, 434 – 435 (2013).

caso. Conforme a las normas de derecho aplicables y los hechos ante su consideración, la *Orden* recurrida constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de primera instancia y a su facultad de manejar los casos de la manera que entiendan más adecuada. Por lo cual, no encontramos ninguna de las instancias contempladas en la Regla 52.1 de Procedimiento Civil para expedir el auto de *certiorari*.

Además, el peticionario no señaló prueba en el expediente tendente a demostrar que el foro de instancia abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. En ese sentido, somos de la opinión que el TPI no abusó de su discreción ni fue irrazonable en forma alguna. Así, en el ejercicio de la sana discreción que nos permite la Regla 40 del Tribunal Apelaciones, *supra,* resolvemos denegar la presente petición de *certiorari*.

**-IV-**

Por lo fundamentos antes expuestos, **denegamos** el auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones